Case 5:11-cv-00969-M   Document 15   Filed 01/05/12   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TODD HEWITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-969-M |
| | ) |
| JUAN SALINA AND | ) |
| C.R. ENGLAND, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant C.R. England, Inc.'s Motion to Dismiss, filed October 20, 2011. On November 11, 2011, plaintiff filed his objection. Defendants' reply was filed on November 17, 2011. Based upon the parties' submissions, the Court makes its determination.

I.   Background

On July 2, 2009, plaintiff was riding and defendant Juan Salina ("Salina") was driving a tractor-trailer on behalf of defendant C.R. England Inc. ("C.R. England") near Havre De Grace, Maryland when an accident occurred. Plaintiff, a passenger, suffered personal injuries as a result of the accident. At the time of the accident plaintiff had executed and was bound by an Offer of Employment from C.R. England wherein plaintiff agreed that venue of any claims filed for injuries or accidents would be brought in the State of Utah.

On June 29, 2011, plaintiff filed a petition in the District Court of Blaine County, State of Oklahoma, Case No. CJ-2011-45. On August 26, 2011, this case was transferred to the Western District of Oklahoma.

II.     Discussion

C.R. England asserts this matter should be dismissed because venue is improper. Specifically, C.R. England contends because the forum selection clause set forth in plaintiff's Conditional Offer of employment is mandatory this action must be litigated in the State of Utah. Plaintiff contends C.R. England waived its venue objection in the state court proceeding before this action was removed. Plaintiff also contends because the contractual forum selection clause was not signed by defendant Salina this negligence action should not be dismissed. Finally, plaintiff contends because he resides in Watonga, Oklahoma, the accident occurred in Maryland and C.R. England, a Utah corporation, travels through Oklahoma it would be unreasonable to force him to litigate his claim in Utah.

Regarding the waiver of C.R. England's venue objection in state court, in *Young v. Walton,* 807 P.2d 248 (Okla. 1991), the Oklahoma Supreme Court held that by making a "special appearance," explicitly qualifying its reservation of time in which to respond, defendants are not precluded by law from objecting to venue. Additionally, in *Mich. Ele. Emps. Health Plan v. Granite Re, Inc.,* 2011 U.S. Dist. LEXIS 52282 (W.D. Okla. May 16, 2011), this Court, in considering the enforceability of a forum selection clause against a non-party, found: "There is ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone to preclude enforcement of a forum selection clause." *Id.* Finally, because forum selection clauses are *prima facie* valid, plaintiff must show it unreasonable. *See The Bremen v. Zapata Off-Shore Co.,* 92 S.Ct. 1907 (1972). Any "party resisting enforcement of a forum selection provision carries a heavy burden of showing that provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley*

*Underwriting Agencies, Ltd.,* 969 F.2d 953, 957 (10th Cir. 1992).

Having carefully reviewed the parties' submissions, the Court finds plaintiff has not alleged sufficient facts to demonstrate that the forum selection agreement was unreasonable. Specifically, plaintiff went to Utah seeking employment with C.R. England, a Utah corporation, and in exchange for conditional employment with C.R. England, plaintiff executed the forum selection agreement requiring all claims to be presented in Utah. Plaintiff does not allege fraud or overreaching but that it would be inconvenient for him to litigate in Utah.

III.    Conclusion

Accordingly, the Court finds C.R. England's forum selection agreement enforceable. Thus, the Court GRANTS C.R. England, Inc.'s Motion to Dismiss [docket no. 9]. In light of the Court's decision to dismiss this matter, the Court finds Plaintiff's Motion to Approve Service by Other Means on Defendant Juan Salinas, and Alternative Motion for Extension of Time to Obtain Service is MOOT [docket no. 14].

**IT IS SO ORDERED this 5th day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE